UNITED STATES DISTRICT OCURT FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| G'ANDRE COLEMAN | ) | |
| 1900 Chatsworth Avenue | ) | |
| Bon Air, VA 23235 | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| VIRGINIA DEPARTMENT OF | ) | |
| CORRECTIONS | ) | |
| 6900 Atmore Drive | ) | |
| Richmond, VA 23225 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| HAROLD W. CLARKE | ) | |
| Director of the Virginia Department | ) | |
| Of Corrections | ) | |
| In his individual and official capacities | ) | |
| 6900 Atmore Drive | ) | |
| Richmond, VA 23225 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VIRGINIA DEPARTMENT OF | ) | |
| JUVENILE JUSTICE | ) | |
| 600 E. Main Street | ) | |
| Richmond, VA 23219 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ANDREW BLOCK | ) | |
| Director of the Virginia Department | ) | |
| Of Juvenile Justice | ) | |
| In his individual and official capacities | ) | |
| 600 E. Main Street | ) | |
| Richmond, VA 23219 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| PEGGY PARRISH | ) | |
| Superintendent of Beaumont Juvenile | ) | |
| Correction Center | ) | |

**In her individual and official capacities**   )
**3500 Beaumont Road,**   )
**Beaumont, VA 23014**   )
  )
**And**   )
  )
**WILLIAM CARTER**   )
**Corrections Officer**   )
**In his individual and official capacities**   )
**3500 Beaumont Road**   )
**Beaumont, VA 23014**   )
  )
       **Defendants.**   )
_____   )

## COMPLAINT

### INTRODUCTION

1.    Plaintiff, G'Andre Coleman, seeks redress against Defendants for an assault by other inmates at Beaumont Juvenile Correction Center at the behest of Defendant, William Carter, a correctional officer at Beaumont Juvenile Correction Center. Plaintiff Coleman brings this action under the Eighth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and the laws of the Commonwealth of Virginia.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's federal claims pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 (federal question) & 1342 (civil rights violation).

3.    This Court has supplemental jurisdiction over Plaintiff's claims based on Virginia law, as they are related to claims within the Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

4.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)-(2), because a substantial part of the events giving rise to the claim occurred in this District.

5.      Coleman gave notice to the Commonwealth of Virginia pursuant to Virginia Code § 8.01-195.6 on March 13, 2017.

## PARTIES

6.      Coleman is a citizen of the Commonwealth of Virginia and an inmate of the Virginia Department of Corrections. Beaumont Juvenile Correction Center is the jail in which Coleman was physically incarcerated during the times relevant to this Complaint. The Beaumont Juvenile Correction Center was located at 3500 Beaumont Road, Beaumont, VA 23014.

7.      Defendant Virginia Department of Correction (hereinafter referred to as 'VDOC') is the state agency to which custody of Coleman was assigned during the times relevant to this Complaint. Defendant VDOC is located at 6900 Atmore Drive, Richmond, Virginia, 23225.

8.      Defendant Harold W. Clarke is the Director of VDOC, 6900 Atmore Drive, Richmond, Virginia, 23225. In that capacity, he is in charge of the VDOC, has custody and control of all persons confined under its authority, and is responsible for the day-to-day operations.

9.      Defendant Virginia Department of Juvenile Justice (hereinafter referred to as 'VDJJ') is one of the state agencies to which custody of Coleman was assigned during the times relevant to this Complaint. Defendant VDJJ is located at 600 E. Main Street, Richmond, VA 23219.

10.     Defendant Andrew Block is the Director of VDJJ, 600 E. Main Street, Richmond, VA 23219. In that capacity, he is in charge of the VDJJ, has custody and control of all persons confined under its authority, and responsible for the day-to-day operations.

11.     Defendant Peggy Parrish was the superintendent of Beaumont Juvenile Correction Center (hereinafter referred to as 'Beaumont') located at 3500 Beaumont Road, Beaumont, VA

23014. In that capacity, she was in charge of Beaumont, had custody and control of all the persons confined in Beaumont and employed at Beaumont, and responsible for the day-to-day operations.

12.    At all times relevant to this action, Defendant William Carter was employed by VDOC and VDJJ at Beaumont who was acting under color of law. Defendant Carter is a "person" under 42 U.S.C. § 1983. Defendant Carter is sued in his individual and official capacities

13.    At all times, Defendants were responsible for employing, carrying out, and monitoring the execution of practices and procedures sufficient to ensure the constitutional rights and safety of Coleman during the incarceration with the Defendants.

## FACTUAL ALLEGATIONS

14.    Beginning on April 22, 2016, Coleman was incarcerated at Beaumont completing a two-year program.

15.    On or about June 25, 2016, Coleman entered a bathroom in the Beaumont facility when Defendant Carter allowed approximately three (3) inmates enter the bathroom behind Coleman.

16.    While in the bathroom, the three (3) inmates attacked Coleman in the bathroom striking him over his body and face.

17.    Upon information and belief, Defendant Carter instructed the three (3) inmates to attack Coleman.

18.    Upon information and belief, Defendant Carter paid the three (3) inmates $5.00 each to attack Coleman.

19.    Defendant Carter stood outside of the bathroom and waited while the three (3) inmates attacked Coleman inside of the bathroom.

20.     Upon information and belief, it was a practice and custom for staff members of Beaumont to require residents to commit these types of acts against younger residents as a precursor to them leaving Beaumont.

21.     As a result of the attack in the bathroom, Coleman sustained significant injury to his face. Specifically, Coleman sustained a nasal fracture, periorbital puffiness and headaches. Coleman's eye was so swollen that he could not open his eye.

22.     As a result of the Defendants' unlawful actions, Coleman suffered loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress and other non-economic losses in an amount to be determined at trial.

## CLAIMS FOR RELIEF

### COUNT I
### Eighth Amendment to the United States Constitution – Cruel and Unusual Punishment
### 42 U.S.C. § 1983

23.     Coleman incorporates and re-alleges Paragraphs 1 – 22 of this Complaint.

24.     Defendants intentionally caused the assault of Coleman.

25.     Defendants acted under color of state law.

26.     Defendants punished Coleman by subjecting to an assault without any justification.

27.     The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, and is incorporated against Virginia under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

28.     Defendants deprived Coleman of his right against cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution, with deliberate indifference, because they knew that there was no justifiable reason to subject Coleman to an unwanted assault.

29.    As a result of Defendants' actions, Coleman suffered significant injury to his person.

30.    Defendants are liable for their violation of Coleman's Eighth Amendment rights under 42 U.S.C. § 1983.

## COUNT II
### Assault
### (Against Defendant William Carter)

31.    Coleman incorporates and re-alleges Paragraphs 1 – 30 of this Complaint.

32.    Defendant Carter purposefully, knowingly, recklessly, and wrongfully caused the assault of by paying and instructing the three (3) inmates to attack and assault Coleman.

33.    Defendant Carter intended to cause the assault of Coleman.

34.    Defendant Carter's actions caused Coleman to be in reasonable apprehension of offensive conduct.

35.    As a direct and proximate result of the conduct, described herein, Coleman has suffered, and will in the future suffer, great damages including mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but not limited to: depression, nervousness, inability to sleep, severe and persistent nightmares, panic attacks, and anxiety impacting the Plaintiff's daily life, medical expenses, loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

36.    Defendant Carter's conduct described herein was done with actual malice towards Coleman and actually and proximately causing him damage and entitling him to an award of punitive damages.

## COUNT III
### Battery

**(Against Defendant William Carter)**

37.     Coleman incorporates and re-alleges Paragraphs 1 – 36 of this Complaint.

38.     Defendant Carter purposefully, knowingly, recklessly, and wrongfully caused the touching of Coleman by instructing and paying the three (3) inmates to strike him over his face and body.

39.     Defendant Carter intended for the three (3) inmates to strike Coleman over his face and body. Such touching was both harmful and offensive to the Plaintiff.

40.     As a direct and proximate result of the conduct, described herein, Coleman has suffered, and will in the future suffer, damages including physical injury; severe mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but not limited to: depression, nervousness, inability to sleep, severe and persistent nightmares, panic attacks, and severe anxiety impacting Coleman's daily living activities, medical expenses, loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

41.     Defendant Carter's conduct described herein was done with actual malice toward Coleman, and proximately causing him damage and entitling him to an award of punitive damages.

**COUNT IV**
**Negligence Per Se**
**(Against William Carter)**

42.     Coleman incorporates and re-alleges Paragraphs 1 – 41 of this Complaint.

43.     Defendant Carter had a duty to act with reasonable care in regard to the exercise of his duties as a jail officer, to observe and monitor the actions of an prevent the escape of Coleman and other inmates.

44.    As a direct and proximate result of Defendant Carter's conduct, Defendant Carter breached his duty to Coleman, and Coleman was injured. The conduct of Defendant Carter, as alleged herein, was so gross, wonton and culpable as to show a reckless disregard for the rights of Coleman thereby violating Va. Code § 18.2-57.

45.    As a direct and proximate result of Defendant Carter's violation of Va. Code § 18.2-57, Coleman was injured. Va. Code § 18.2-57 was enacted for the purposes of public safety, and Coleman was injured in the precise way the statute was designed to avoid. All of Coleman's injuries described herein are the direct and proximate result of the violation of Va. Code § 18.2-57 by Coleman's conduct described herein.

46.    As a direct and proximate result of the conduct, described herein, Coleman has suffered, and will in the future suffer, damages including physical injury, mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but not limited to: depression, nervousness, inability to sleep, severe and persistent nightmares, panic attacks, and severe anxiety impacting Coleman's daily living activities, medical expenses, loss of enjoyment of life and other nonpecuniary injury to be determined at trial.

47.    Defendant Carter's conduct described herein was done with actual malice toward Coleman without fault on the part of Coleman and actually and proximately causing him damage and entitling him to an award of punitive damages.

### COUNT V
### Gross Negligence
### (Against Defendant William Carter)

48.    Coleman incorporates and re-alleges Paragraphs 1 – 47 of this Complaint.

49.    Defendant Carter had a duty to act with reasonable care in regard to the exercise of his duties as a jail officer, to observe and monitor the actions of and prevent the escape of Coleman.

50.    As a direct and proximate result of the conduct, described herein, Coleman has suffered, and will in the future suffer, damages including physical injury, mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but not limited to: depression, nervousness, inability to sleep, severe and persistent nightmares, panic attacks, and severe anxiety impacting Coleman's daily living activities, medical expenses, loss of enjoyment of life and other nonpecuniary injury to be determined at trial.

51.    Defendant Carter's conduct describe herein was done with actual malice, and gross, reckless and callous indifference toward Coleman, without fault on the part of Coleman, and actually and proximately causing his damages and entitling him to an award of punitive damages.

### COUNT VI
### Willful and Wanton Disregard for Coleman's Rights
### (Against Defendant William Carter)

52.    Coleman incorporates and re-alleges Paragraphs 1 – 51 of this Complaint.

53.    Defendant Carter had a duty to act with reasonable care in regard to the exercise of his duties as a jail officer, to observe and monitor the actions of and prevent the escape of Coleman.

54.    As a direct and proximate result of Defendant Carter's conduct, Defendant Carter breached his duty to Coleman, and Coleman was injured.

55.    As a direct and proximate result of the conduct, described herein, Coleman has suffered, and will in the future suffer, damages including physical injury, mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but not limited to: depression, nervousness, inability to sleep, severe and

persistent nightmares, panic attacks, and severe anxiety impacting Coleman's daily living activities, medical expenses, loss of enjoyment of life and other nonpecuniary injury to be determined at trial.

56. Defendant Carter's conduct describe herein was done with actual malice, and gross, reckless and callous indifference toward Coleman, without fault on the part of Coleman, and actually and proximately causing his damages and entitling him to an award of punitive damages.

## COUNT VII
## Intentional Infliction of Emotional Distress
## (Against Defendant William Carter)

57. Coleman incorporates and re-alleges Paragraphs 1 – 56 of this Complaint.

58. Coleman protested and resisted the attack. The behavior consisted of an assault and battery, harassment and humiliation and was outrageous and intentional, without justification, and for the purpose of inflicting emotional distress upon Coleman.

59. Defendant Carter intended the conduct and knew, or should have known, that the conduct would likely result in Coleman's severe emotional distress.

60. Defendant Carter's conduct was outrageous and intolerable in that it offended generally accepted standards of decency and morality.

61. As a direct and proximate result of the conduct, described herein, Coleman has suffered, and will in the future suffer, damages including physical injury, mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but not limited to: depression, nervousness, inability to sleep, severe and persistent nightmares, panic attacks, and severe anxiety impacting Coleman's daily living activities, medical expenses, loss of enjoyment of life and other nonpecuniary injury to be determined at trial.

62.     Defendant Carter's conduct describe herein was done with actual malice, and gross, reckless and callous indifference toward Coleman, without fault on the part of Coleman, and actually and proximately causing his damages and entitling him to an award of punitive damages.

### COUNT VIII
### Respondeat Superior
### (Against All Defendants except Defendant William Carter)

63.     Coleman incorporates and re-alleges Paragraphs 1 – 56 of this Complaint.

64.     At all relevant times during the circumstances described in the Complaint, Defendant William Carter was acting within the scope of his official duty as a jail officer.

65.     The Defendants should, therefore, be held liable for the common law claims against Defendant, William Carter and pay appropriate damages to Coleman.

### PRAYER FOR RELIEF

WHEREFORE, the Coleman requests that this Court:

(a)     Rules that the actions of the Defendants violated the rights of Coleman under the Eighth and Fourteenth Amendments to the United States Constitution and laws of the Commonwealth of Virginia;

(b)     Enter judgment awarding the Coleman compensatory damages against all defendants in the amount of $2,000,000.

(c)     Enter judgment awarding punitive damages against the Defendant William Carter in the amount of $2,000,000.

(d)     Enter judgment awarding him costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(e)     Grant the Coleman any such other relief in the aforementioned matter.

11

Respectfully submitted,

BYNUM & JENKINS, PLLC


/s/ Robert Jenkins_____
Robert Jenkins, Esq.
1010 Cameron Street
Alexandria, VA 22314
Tel: 703-549-7211
Fax: 703-549-7701